UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JAMAL MITCHELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FRANCISCO J. QUINTANA, WARDEN, )<br>)<br>Respondent. ) | Civil Action No. 13-58-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Jamal Mitchell is an inmate confined at the Federal Medical Center located in Lexington, Kentucky. Proceeding without an attorney, Mitchell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence for drug and money laundering offenses. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Mitchell's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Mitchell's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having

reviewed the petition, the Court must deny relief because Mitchell may not assert his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On April 17, 2002, a federal jury in Virginia convicted Mitchell of conspiracy to distribute cocaine and cocaine base, commonly known as crack, within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of conspiracy to commit money laundering in violation of 18 U.S.C. § 1957. *United States v. Mitchell*, No.1:02cr25 (E.D. Va.) ("the Sentencing Court") On July 24, 2002, Mitchell received a 360-month prison sentence on the conspiracy to distribute count, and 120-month prison sentence on the conspiracy to commit money laundering count, set to run concurrently. [R. 58, therein] The Sentencing Court also ordered the forfeiture of property. Mitchell appealed his conviction, sentence, and the order of forfeiture, but all were affirmed on July 31, 2003. *United States v. Mitchell*, 70 F. App'x 707 (4th Cir. 2003).

On January 12, 2005, Mitchell filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 109, therein] Mitchell argued that his sentence should be set aside based on *Blakely v. Washington*, 542 U.S. 296 (2004); that the sentence enhancement imposed under 21 U.S.C. § 851 violated his Sixth Amendment rights; and that the Sentencing Court lacked venue over his criminal case, failed to advise him of his right under 21 U.S.C. § 851 to challenge the use of his prior conviction for sentencing purposes, and failed to follow proper forfeiture procedures. [*Id*.]

On April 9, 2007, the Sentencing Court denied Mitchell's § 2255 motion, holding that Mitchell could not avail himself of the holdings of either *Blakely* or the more recent decision in

*United States v. Booker*, 543 U.S. 220 (2005), because neither case applied retroactively to cases on collateral appeal; that Mitchell's sentence under 21 U.S.C. § 851 did not violate the Sixth Amendment; and that Mitchell's other arguments had previously been rejected on direct review and could not be re-litigated in a § 2255 motion. [R. 116, therein, pp. 2-5]   x

Mitchell appealed, but on November 29, 2007, the Fourth Circuit Court of Appeals denied him a certificate of appealability and dismissed his appeal, finding that he had not demonstrated that the denial of his § 2255 motion was "debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Mitchell*, 256 F. App'x 603 (4th Cir. 2007).

## ALLEGATIONS ASSERTED IN THE § 2241 PETITION

Mitchell asks that his sentence be vacated and that the indictment against him be dismissed for lack of jurisdiction. Mitchell argues that (1) the Sentencing Court improperly increased his offense level by two points under U. S. S. G. § 2D.1(b)(1) for possessing a firearm during the commission of a drug offense, and thereby improperly enhanced his sentence; (2) because the indictment did not charge him with any offense under 21 U.S.C. § 841(a), that statute should not have applied to his case; (3) the Sentencing Court improperly invoked the *Pinkerton* doctrine[1] in relation to the offense charged under 21 U.S.C. § 846; and (4) the Sentencing Court lacked jurisdiction over the § 846 offense. [R. 1, pp. 1-2] Mitchell alleges that he was convicted without due process of law, in violation of the Fifth Amendment of the U.S.

---

[1]
The *Pinkerton* doctrine holds that a member of a conspiracy can only be held liable for the reasonably foreseeable crimes committed by his accomplices in the course of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946).

3

Constitution, and that his resulting sentence was imposed in violation of his rights guaranteed by the Sixth Amendment of the U.S. Constitution.

## DISCUSSION

Mitchell is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Mitchell challenges the constitutionality of his underlying conviction and sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*,

4

105 F. App'x 13, 14-15 (6th Cir. 2004).

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). As explained below, Mitchell's § 2255 remedy was not inadequate and ineffective.

First, in his § 2241 petition, Mitchell raises an argument which he previously but unsuccessfully raised on the direct appeal of his criminal conviction, *i.e.*, his claim that the Sentencing Court improperly applied the two-level weapon enhancement under U.S.S.G. § 2D1.1(b)(1).[2] Second, Mitchell raises two arguments which he previously but unsuccessfully asserted in his § 2255 motion, *i.e.*, his claim that the Sentencing Court lacked jurisdiction over his criminal prosecution, and that he was convicted of and sentenced for offenses not charged in the indictment in violation of his Fifth and Sixth Amendment rights. As noted, the Sentencing Court rejected those claims as without merit and on appeal, the Fourth Circuit denied Mitchell

---

[2]

The Fourth Circuit specifically rejected Mitchell's claim in this issue, stating:

We find that this testimony and the additional evidence that the drug conspiracy lasted from the early 1990s until 2001 is more than sufficient to show that it was not clearly improbable that the weapon was connected with the drug conspiracy offense. Therefore, we conclude that the district court did not err in finding that the [U.S.S.G. § 2D1.1(b)(1)] weapon enhancement should apply to increase Mitchell's offense level.

*United States v. Mitchell*, 70 F. App'x at 716-17.

5

a certificate of appealability. The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument but was denied relief on the claim. *Charles*, 180 F.3d at 756-758.

Third, Mitchell raises for the first time a claim which he could have raised, but did not raise, in his § 2255 motion, *i.e.*, his argument that the Sentencing Court improperly allowed the *Pinkerton* doctrine to result in his conviction for substantive offenses which he did not commit. Mitchell admits that he did not raise this claim either on direct appeal of his conviction or in his § 2255 motion, *see* R. 1, p. 13, but argues that he is entitled to relief from his sentence under § 2241 because "...the erroneous application of the *Pinkerton* doctrine could imply the insufficiency of the indictment." [*Id.*] Mitchell's argument on this point again ignores the fact that the remedy under § 2255 is not rendered inadequate where a petitioner had an opportunity to assert a challenge in the district court where he was sentenced, but failed to do so. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.,* at 758.

Mitchell may not use his § 2241 petition as a vehicle to assert Fifth and Sixth Amendment claims which he unsuccessfully asserted in his § 2255 motion, or to assert a Fifth and Sixth Amendment claims which he could have, but did not, assert in his amended § 2255 motion. The fact that Mitchell failed to raise his *Pinkerton* challenge in his § 2255 motion, and the fact that on direct appeal and in his § 2255 motion, Mitchell was unsuccessful as to his other asserted claims, does not entitle him to relief under § 2241. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under

Section 2255.") For these reasons, Mitchell has not established that his remedy under § 2255 was inadequate and ineffective to challenge his detention.

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Mitchell has not cited a new rule of law which the Supreme Court has made retroactively applicable and which affords him relief from his sentence.

Mitchell states that he "...maintains his actual innocence to the gun enhancement" [R. 1, p. 10], but his claim of actual innocence in this respect does not entitle him to relief under § 2241. Mitchell does *not* allege that he did not commit the underlying crimes of which he was convicted (conspiracy to distribute cocaine and cocaine base, and conspiracy to commit money laundering),[3] only that the sentence imposed was excessive, and that the Sentencing Court lacked

---

[3]
Indeed, Mitchell was not "actually innocent" of the underlying drug conspiracy charge of which he was convicted. On direct appeal of his conviction, the Fourth Circuit stated, "In this case, we conclude that acts of Mitchell and his co-conspirators in the Eastern District of Virginia were essential in furthering the drug conspiracy and were sufficient to establish venue on the drug conspiracy count. Mitchell engaged in a drug conspiracy that involved the sale of drugs in Washington, D.C., the transportation of those drugs through Virginia, and the distribution of the drugs in North Carolina." *United States v. Mitchell*, 70 F. App'x at 713. A federal court in a post-conviction proceeding can rely

7

jurisdiction over his criminal case. An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

In this circuit, the law is well established that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Peterman*, 249 F.3d at 462; *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241."); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause).

---

on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

The Court will therefore deny Mitchell's petition because he may not assert his Fifth and Sixth Amendment claims in a habeas corpus proceeding under § 2241.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Jamal Mitchell's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and.

3. This matter is **STRICKEN** from the docket.

This October 1, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge